IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD J. MILLER, on behalf of himself and all others similarly situated, | CIVIL ACTION – CLASS ACTION |
| Plaintiff, | No.: 03:12-cv-01715 |
| vs. | JUDGE NEALON |
| TRANS UNION, LLC, | ELECTRONICALLY FILED |
| Defendant. | |

## MOTION OF DEFENDANT TRANS UNION LLC TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Trans Union LLC ("TransUnion"), by and through its undersigned counsel, hereby moves this Honorable Court to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for the following reasons:

1. Plaintiff Ronald J. Miller ("Miller") filed the above-captioned action on August 28, 2012, and requested a waiver of service from TransUnion pursuant to Federal Rule of Civil Procedure 4(d) on September 4, 2012.

2. Plaintiff's Complaint (the "Complaint") purports to allege violations of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA").

3. The Complaint fails to allege facts sufficient to support any claim under the FCRA.

4.	In Count I, Miller purports to assert a violation of 15 U.S.C. § 1681g(a), which requires a consumer reporting agency to disclose, upon a consumer's request, (i) all information in the consumer's file kept by the consumer reporting agency at the time of the request (with two exceptions not applicable here), (ii) the sources of the information (with an exception also not applicable here), (iii) the identity of each person that requested and received that consumer's consumer report from the consumer reporting agency, (iv) the dates, original payees, and amounts of any checks upon which is based any adverse characterization of the consumer, (v) a record of all inquiries received by the consumer reporting agency during the 1-year period preceding the request that identified the consumer in connection with a credit or insurance transaction that was not initiated by the consumer, and (vi) if the consumer requests the credit file and not the credit score, a statement that the consumer may request and obtain a credit score. Miller alleges that TransUnion violated 15 U.S.C. § 1681g(a) by (i) falsely representing that information from the United States Treasury Department Office of Foreign Assets Control ("OFAC"), which produces and maintains a list of "Specially Designated Nationals" from which United States nationals are prohibited from doing business, is not part of Miller's consumer disclosure, (ii) separately setting forth the OFAC information as "Additional Information" on Miller's consumer disclosure, and (iii) failing to disclose the OFAC record

considered a potential match that TransUnion would sell to a third party. Miller's claims under Section 1681g(a) fail as a matter of law because there is no requirement, even under this Court's jurisprudence as Miller contends, that TransUnion disclose OFAC information in any particular format and, as Miller himself alleges and TransUnion agrees, Miller is not a match to any OFAC record as the consumer disclosure TransUnion provided Miller expressly states. Thus, there could be no failure to disclose the OFAC record to which Miller's name relates because it does not exist. Accordingly, Count I fails on the face of the Complaint.

5. In Count II, Miller purports to assert a violation of 15 U.S.C. § 1681e(b), which provides that "Whenever a consumer reporting agency prepares a <u>consumer report</u>, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." (Emphasis added.) Miller, however, challenges disclosures in a credit report provided to him directly, and him alone, pursuant to his request, which is known as a "consumer disclosure" under the FCRA (governed by 15 U.S.C. §§ 1681g, 1681h), not a "consumer report" provided to a third-party (governed by 15 U.S.C. § 1681e). Miller does not allege that any "consumer report" with any OFAC data was prepared regarding Miller and provided to a third party, and thus he has no claim under Section 1681e(b). Count II therefore fails.

6. Accordingly, for these reasons and as will be more fully explained in the supporting memorandum of law, to be filed within fourteen (14) days pursuant to Local Rule 7.5, Miller's Complaint should be dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

7. Trans Union respectfully reserves the right to supplement this Motion.

WHEREFORE, TransUnion respectfully requests this Honorable Court to dismiss Miller's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

Respectfully submitted:

MYERS, BRIER & KELLY, LLP

BY: /s/ Donna A. Walsh
    Donna A. Walsh
    MYERS, BRIER & KELLY, LLP
    Suite 200, 425 Spruce Street
    Scranton, PA  18503
    Phone:  (570) 342-6100
    Fax:  (570) 342-6147

STROOCK & STROOCK & LAVAN LLP

BY: /s/ Stephen J. Newman
    STEPHEN J. NEWMAN (pro hac vice)
    BRIAN C. FRONTINO (pro hac vice)
    JEFFREY B. BELL (pro hac vice)
    2029 Century Park East, Suite 1600
    Los Angeles, California  90067
    Phone:  (310) 556-5800
    Fax:  (310) 556-5959
    lacalendar@stroock.com

SHERMAN, SILVERSTEIN, KOHL,
ROSE & PODOLSKY, P.A.

BY: /s/ Bruce S. Luckman
    BRUCE S. LUCKMAN (pro hac vice)
    308 Harper Drive, Suite 200
    Moorestown, NJ 08057
    Phone: (856) 662-0700
    Fax: (856) 488-4744
    Bluckman@shermansilverstein.com

    Attorneys for Defendant,
    TRANS UNION, LLC

## CERTIFICATE OF NON-CONCURRENCE

I, BRIAN C. FRONTINO, hereby certify that Plaintiff's counsel does not concur in the foregoing Motion to Dismiss.

/s/ Brian C. Frontino
BRIAN C. FRONTINO

Date: November 5, 2012

## **CERTIFICATE OF SERVICE**

I, DONNA A. WALSH, hereby certify that a true and correct copy of Defendant's Motion to Dismiss was served upon the following counsel of record via the Court Electronic Case Filing system on this 5th day of November, 2012:

> James A. Francis, Esquire
> John Sooumilas, Esquire
> David Searles, Esquire
> Francis & Mailman, P.C.
> Land Title Building, 19th Floor
> 100 South Broad Street
> Philadelphia, PA  19110
>
> Andrew J. Ogilvie, Esquire
> Anderson, Ogilvie & Brewer, LLP
> 600 California Street, 18th Floor
> San Francisco, CA  94108

/s/ Donna A. Walsh