IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON

SEP 27 2013

PER _____
DEPUTY CLERK

RONALD J. MILLER, on behalf of himself :
and all others similarly situated,      :
    Plaintiff                              :
                                           :   CIVIL NO. 3:12-cv-01715
    v.                                     :
                                           :   (JUDGE NEALON)
TRANS UNION, LLC,                        :   (MAGISTRATE JUDGE CARLSON)
    Defendant                              :

## MEMORANDUM

On August 28, 2012, Plaintiff, Ronald J. Miller, filed a class action complaint against Defendant, Trans Union, LLC, alleging violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., ("FCRA"). (Doc. 1). On November 5, 2012, Defendant filed a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 20). After the parties filed briefs on the motion, Magistrate Judge Martin C. Carlson filed a Report and Recommendation ("R&R") on August 14, 2013, recommending that the motion be granted in part, and denied in part. (Doc. 50). On August 28, 2013, Defendant filed objections to the R&R and a brief in support thereof; on September 16, 2013, Plaintiff filed a brief in opposition to the objections; and on September 24, 2013, Defendant filed a reply brief. (Docs. 51-52 & 54-55). The objections to the R&R are now ripe for disposition and for the reasons that follow, the R&R will be adopted in part.

## STANDARD OF REVIEW

When objections to a Report and Recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a <u>de novo</u> review of those portions of the report to which specific objections are made. <u>Sample v. Diecks</u>, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989);

Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). If no objections are made to a report, the district court is not required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149 (1985). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987)); compare Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating that in the absence of objections, "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

**ALLEGATIONS OF THE COMPLAINT**

Defendant is a credit reporting agency ("CRA") selling consumer reports and is regulated by the FCRA which requires CRAs to provide to consumers, upon their request, all of the information sold about them to third parties and to provide consumers an opportunity to review and dispute any inaccuracies in their files. (Doc. 1, ¶¶ 6-10), citing 15 U.S.C. §§ 1681g(a), 1681i(a). Each CRA is required to provide consumers with copies of their consumer files including "**all** of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." (Doc. 1, ¶ 12), citing 15 U.S.C. § 1681a(g) (emphasis added in the complaint). Information relating to the United States Treasury

Department's Office of Foreign Assets Control ("OFAC")[1] alert is part of a consumer's "file" as defined in the FCRA and withholding such information is a violation of the FCRA section 1681g. (Doc. 1, ¶¶ 9-15), citing Cortez v. Trans Union, LLC, 617 F.3d 688, 706 (3d Cir. 2010). Defendant compiles and sells consumer reports that include OFAC alerts without completely and truthfully disclosing such information to the consumers. (Doc. 1, ¶ 19). Defendant also fails to maintain reasonable procedures to assure the maximum possible accuracy of the OFAC alert information and continues to use a "name only" match in determining whether a consumer is on the OFAC list despite this policy being found to violate the FCRA by the Third Circuit in Cortez. (Doc. 1, ¶¶ 20-27).

Plaintiff's October 13, 2011 Trans Union "Personal Credit Report," in addition to containing information under the following headings, "Personal Information," "Adverse Accounts," "Satisfactory Accounts," "Regular Inquiries" and "Account Review Inquiries," contains the following language after the heading "End of Credit Report":

-Begin Additional Information-
**Additional Information**

---

[1] OFAC administers and enforces economic and trade sanctions based on U.S. foreign policy and national security goals against threats to the national security, foreign policy, or economy of the United States. Those sanctions are aimed at specific regimes, individuals thought to be terrorists, international narcotics traffickers, as well as persons involved in activities related to the proliferation of "weapons of mass destruction." . . . . . "[a]s part of its enforcement efforts, OFAC publishes a list of individuals and companies owned or controlled by, or acting for or on behalf of, targeted countries. It also lists individuals, groups, and entities, such as terrorists and narcotics traffickers designated under programs that are not country-specific. Collectively, such individuals and companies are called 'Specially Designated Nationals' or 'SDNs.' Their assets are blocked and U.S. persons are generally prohibited from dealing with them."

Cortez v. Trans Union, LLC, 617 F.3d 688, 696 (3d Cir. 2010) (internal citations omitted).

> The following disclosure of information is provided as a courtesy to you. This information is not part of your TransUnion credit report, but may be provided when TransUnion receives an inquiry about you from an authorized party. This additional information can include Special Messages, Possible OFAC Name Matches, Income Verification and Inquiry Analysis Information. Any of the previously listed information that pertains to you will be listed below.

(Doc. 1, ¶¶ 28-31). It is alleged that Plaintiff's file also contains the following:

> **Possible OFAC Match**
> The OFAC Database contains a list of individuals and entities that are prohibited by the U.S. Department of Treasury from doing business in or with the United States. Financial institutions are required to check customers' names against the OFAC Database, and if a potential name match is found, to verify whether their potential customer is the person on the OFAC Database. For this reason, some financial institutions may ask for your date of birth, or they may ask to see a copy of a government-issued form of identification, such as a Driver's License, Social Security card, passport or birth certificate. Some financial institutions will search names against this database themselves, or they may ask another company, such as TransUnion, to do so on their behalf. We want you to know that this information may be provided to such authorized parties.
>
> As a courtesy to you, we also want to make sure you are aware that the name that appears on your TransUnion credit file **is considered a *potential* match to information listed on the United States Department of Treasury's Office of Foreign Asset Control ("OFAC") Database.**
>
> **The OFAC record that is considered a potential match to the name on your credit file is:**
>
> **[Intentionally Left Blank]**
>
> For more details regarding the OFAC Database, please visit: http://www.ustreas.gov/offices/enforcement/ofac/faq/index.shtml.

(Doc. 1, ¶ 34); see also (Doc. 54, p. 3) ("[Intentionally Left Blank]" does not actually appear on the October 13, 2011 report but was demonstratively added by Plaintiff).

Plaintiff alleges that Defendant continues to intentionally misrepresent that OFAC alerts are not actually a part of their reports or files and that because Defendant states that OFAC alerts

4

are "additional information" provided as a "courtesy" consumers "are misguided into believing that they have no rights or recovery under the FCRA against the Defendant when it mistakenly reports them as OFAC criminals and they cannot dispute, and have corrected, inaccurate OFAC information that Defendant alone is attributing to them." (Doc. 1, ¶¶ 32-33). Despite advising Plaintiff that he "is considered a *potential* match to information listed on the [OFAC] database," Defendant advises the users of its reports that subject consumers are not merely a "possible match" but an actual "match" to the OFAC list. (Doc. 1, ¶¶ 34-35).

Plaintiff alleges that the October 13, 2011 file violated FCRA section 1681g(a) as well as the Cortez jurisprudence by, inter alia, falsely presenting that the OFAC information was not part of the file but set forth as "Additional Information," failing to disclose the OFAC record considered a potential match, representing that Plaintiff is a match when he is neither a match or possible match, failing to provide all of the information it maintains on Plaintiff, misleading Plaintiff about the information Defendant was reporting about him, depriving Plaintiff of all the information to which he is entitled and the opportunity to dispute and correct inaccuracies. (Doc. 1, ¶¶ 37-42).

The complaint contains two counts: violation of FCRA section 1681g(a) for Defendant's willful failure to provide consumers with all of the information in the consumer's file, and violation of FCRA section 1681e(b) for Defendant's negligent and willful failure to maintain reasonable procedures to assure maximum possible accuracy of its consumer reports. (Doc. 1, ¶¶ 54-57). Plaintiff brings this action on behalf of himself and others similarly situated and believes a class action is a superior method for the fair and efficient adjudication of this matter. (Doc. 1, ¶¶ 46-53).

## DISCUSSION

In its motion to dismiss, Defendant argues that Plaintiff fails to set forth a claim under FCRA section 1681e(b), and in the R&R the Magistrate Judge recommends that Count II should be dismissed but that Plaintiff should be granted leave to amend his section 1681e claim. (Doc. 20, ¶ 5) and (Doc. 50, p. 17). This argument is moot, however, as Plaintiff does not intend to file an amended complaint or respond to this objection. (Doc. 54, p. 1). Accordingly, Plaintiff's FCRA section 1681e claim will be dismissed with prejudice, and arguments pertaining to that issue will not be analyzed.

In its motion to dismiss, Defendant also argues that Plaintiff fails to set forth a cause of action under FCRA section 1681g(a) because there is no requirement that Defendant disclose OFAC information in any particular format (Plaintiff's was set forth in "Additional Information"), and because there can be no failure to disclose the OFAC record because, as Plaintiff himself agrees, he is not a match. (Doc. 20, ¶ 4).

In the R&R, the Magistrate Judge sets forth the procedural history, the allegations of the complaint, the arguments of the parties, and the standard of review for a motion to dismiss. (Doc. 50, pp. 1-11). Magistrate Judge Carlson describes the question presented as unusual because "all parties seem to agree that the plaintiff, Mr. Miller is not on any OFAC list," and Defendant "denies ever stating in any report or disclosure that Miller was a potential match to any person listed by OFAC as hostile to the United States." (Doc. 50, pp. 2-3). The Magistrate Judge details the elements of a claim under FCRA section 1681g. (Doc. 50, pp. 12-17). With regard to the inaccuracy of the consumer file, Magistrate Judge Carlson states that Defendant's disclosure approaches a straightforward question (whether Plaintiff is on the OFAC list) "in an

6

awkward, obscure and potentially confusing" and "cryptic and enigmatic fashion" instead of "simply providing a declarative statement regarding the lack of any identifiable match between Miller and OFAC list persons and entities." (Doc. 50, pp. 19). The Magistrate Judge believes the manner used could lead to the interpretation "that a potential match exists but that Trans Union has elected to make an incomplete disclosure and leave the potential match intentionally blank in its disclosure to the consumer." (Doc. 50, p. 20). Noting the remedial nature of the FCRA and that courts have found that the question of accuracy of credit files under section 1681g is a question of fact not to be resolved on a motion to dismiss, the Magistrate Judge finds "that there are disputed issues of fact here relating to the potentially misleading quality of this file's description of Miller's OFAC list status which cannot be resolved as a matter of law solely on the pleadings at the outset of this litigation." (Doc. 50, pp. 18-19). Accordingly, Magistrate Judge Carlson recommends denying Defendant's motion to dismiss regarding Plaintiff's section 1681g claim. (Doc. 50, p. 23).

Defendant objects to Plaintiff's section 1681g claim not being dismissed because: (1) "no data within Plaintiff's credit file was withheld from his disclosure," and (2) the claim is an improper challenge to the form of disclosure contending that "[an] allegedly confusing disclosure of the lack of data is not actionable in private litigation under the FCRA."[2] (Doc. 52, pp. 11-13). In its reply brief, Defendant again argues that the situation sub judice differs from Cortez and nothing in Cortez or section 1681g requires a particular format for the disclosure of the absence of OFAC information. (Doc. 55, p. 2). Specifically, Defendant asserts that Plaintiff cannot

---

[2]Defendant admits that it already set forth these same arguments to the Magistrate Judge. (Doc. 52, p. 11), citing (Doc. 23, pp. 12-14) and (Doc. 26, pp. 11-12).

7

allege that Defendant withheld allegedly harmful data from him as Plaintiff admits that his name is not on the OFAC list. (Doc. 55, pp. 2-3).[3]

In response to the objections, Plaintiff maintains that his complaint has set forth a claim under section 1681g(a) which requires CRAs to transmit accurate information contained in a consumer's file and the OFAC information here was "either false, or incomplete and misleading, or both." (Doc. 54, p. 4). Plaintiff argues that the section 1681g term "accurately" "requires more than 'merely allowing for the possibility of accuracy,'" and "must be not only true, but precise and not misleading." (Doc. 54, p. 5), citing Cortez, 617 F.3d at 709.

Plaintiff highlights that his complaint "states that even though Defendant represents to certain consumers such as Plaintiff that they are a 'potential match' to the OFAC list, it represents to third party users of its reports, such as existing and potential creditors, that these same consumers are an actual 'match' to the OFAC list." (Doc. 54, p. 3), citing (Doc. 1, ¶¶ 26, 34). In response to Defendant's argument that Plaintiff cannot base his claim upon the "particular form" of the file disclosure, Plaintiff submits that the claim regards "the inaccurate substance of the OFAC information being transmitted, not merely the format of that information." (Doc. 54, p. 7).

Plaintiff argues that the disclosure was not accurate no matter the facts:

> It was not accurate if Defendant furnished reports to third parties which matched Plaintiff to a particular suspected terrorist, and then did not disclose to Plaintiff the identify of that suspected terrorist. And it was not accurate if Defendant had no OFAC data matched with Plaintiff and furnished no reports at all to third

---

[3]These arguments were also before the Magistrate Judge. See (Doc. 20, ¶ 4), (Doc. 23, pp. 4, 10-15) and (Doc. 26, pp. 8-12) (distinguishing Cortez and noting that Plaintiff admits he is not on the OFAC list). Despite the same arguments, with no additional cited authority, being set forth as an objection, the issue will be given de novo review.

parties which matched Plaintiff to a particular suspected terrorist, but nevertheless represented to Plaintiff in his file disclosure that his name was a potential match to an OFAC record and that Defendant would provide such OFAC data about him to authorized existing and potential creditors.

(Doc. 54, p. 9). Plaintiff lastly argues that Congress's remedial purpose and spirit of the FCRA requires that statute to be liberally construed and requires CRAs to clearly and accurately disclose all information in a consumer's file. (Doc. 54, pp. 9-11).

With the passing of the FCRA, Congress hoped to address many problems including a consumer's "access to the information in [his] file." Cortez, 617 F.3d at 706, citing S. Rep. No. 91-517, at 3 (1969). Section 1681g of the FCRA requires CRAs, upon request, to "<u>clearly</u> and <u>accurately</u> disclose to the consumer" "[a]ll information in the consumer's file." 15 U.S.C. § 1681g(a)(1) (emphasis added); see also Cortez, 617 F.3d at 711 (also emphasizing clearly and accurately). This information includes information related to OFAC alerts. Cortez, 617 F.3d at 712. Accordingly, under section 1681g, Defendant has a duty to clearly and accurately set forth any OFAC information or lack thereof in Plaintiff's file. Defendant argues that Plaintiff cannot base his claim on "an improper challenge to the form of disclosure." (Doc. 52, pp. 11-12). However, when the form of the disclosure renders it confusing and unclear, it can be the basis for a violation of section 1681g.

Congress did not define "clearly and accurately" as they are used in section 1681g(a)(1). Gillespie v. Equifax Info Servs., L.L.C., 484 F.3d 938, 941 (7th Cir. 2007). Giving the words their plain meaning, the Seventh Circuit Court of Appeals concluded that a CRA "must do more than simply make an accurate disclosure of information" and held that a disclosure may be accurate but may not be clear so that a consumer can determine the accuracy of the information.

Id. Here, Plaintiff describes the report[4] and alleges he suffered distress, humiliation, and embarrassment because Defendant considered him a match or possible match, failed to provide sufficient information about the purported match, mislead Plaintiff about being a potential match, falsely represented Plaintiff was a match, and/or did not completely or properly disclose the file. (Doc. 1, ¶¶ 37-43). Based on the allegations of the complaint, Magistrate Judge Carlson concludes that Plaintiff has sufficiently alleged that Defendant failed in this duty to clearly and accurately disclose Plaintiff's file information. Specifically, the Magistrate Judge concludes that Defendant utilizes an "awkward, obscure and potentially confusing" manner and "cryptic and enigmatic fashion" to state the OFAC information instead of "simply providing a declarative statement regarding the lack of any identifiable match between Miller and OFAC list persons and entities." (Doc. 50, pp. 19). As the report is conveyed in the complaint and viewing the allegations in favor of the nonmovant, a consumer could be confused and interpret the document to mean that the consumer is an OFAC match and that the match information was intentionally omitted or not fully disclosed. The Undersigned is in agreement with Magistrate Judge Carlson that judgment in favor of Defendant is inappropriate at this preliminary stage based on "the potentially misleading quality of this file's description of Miller's OFAC list status." (Doc. 50, p. 19). Defendant had a statutorily mandated duty to clearly and accurately set forth any OFAC information or lack thereof in Plaintiff's file and the complaint sufficiently alleges that Defendant breached this duty and that Plaintiff suffered damages as a result. Accordingly, Defendant's

---

[4]The actual report is not an exhibit to the complaint and is not under consideration. See (Doc. 1). Granting Defendant's motion to dismiss would require a determination as a matter of law that its report was clear and accurate based on the allegations in Plaintiff's complaint which state that the report is misleading, unclear and false.

motion to dismiss Plaintiff's claim under section 1681g will be denied.

**CONCLUSION**

Plaintiff's claim under section 1681e will be dismissed with prejudice due to Plaintiff's conveyance to the court that he does not wish to amend his complaint to pursue this claim. Defendant's motion to dismiss Plaintiff's section 1681g claim will be denied as Plaintiff's complaint sufficiently alleges a cause of action.

A separate order will follow.

**Date:** September 27, 2013          **United States District Judge**