**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RONALD J. MILLER, on behalf of** | : | **Civil No. 3:12-CV-1715** |
| **himself and all others similarly situated,** | : | |
| | : | **(Judge Nealon)** |
| **Plaintiff** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **v.** | : | |
| | : | |
| **TRANS UNION, LLC,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM ORDER

## I.   INTRODUCTION

The defendant, Trans Union, LLC ("Trans Union") has moved the court to stay the above-captioned action pending a decision by the United States Supreme Court in Spokeo, Inc. v. Robins, No. 13-1339, which has granted a petition for writ of certiorari to address the following question:

> "Whether Congress may confer Article III standing upon a plaintiff who suffers no concrete harm, and who therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute." Question Presented, Spokeo, Inc. v. Robins, No. 13-1339 (U.S. Apr. 27, 2015), http://www.supremecourt.gov/qp/13-01339qp.pdf. (Doc. 103.)

Trans Union argues that if the Supreme Court holds that a consumer must prove actual harm in order to recover statutory damages under 15 U.S.C. § 1681n, then

individual issues would predominate over any purported common ones in this case because the plaintiff, Ronald Miller, has presented no evidence to show which specific customers, and potential class members, have sustained injury in fact. Setting that issue aside, Trans Union also maintains that any class certification decision in this case – regardless of which party it favors – may be affected by the Supreme Court's decision in <u>Spokeo</u>. Accordingly, Trans Union seeks to hold all proceedings in abeyance pending resolution of this important issue.

Upon consideration of the parties' submissions and arguments, and recognizing that in a parallel case pending in the United States District Court for the Northern District of California the district court has also stayed proceedings pending a decision in <u>Spokeo</u>, we find that Trans Union's motion should be granted.

## II.   <u>DISCUSSION</u>

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." <u>Landis v. N. Am. Co.</u>, 299 U.S. 248, 254 (1936). "Central to this power is a court's ability to 'hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues.'" <u>Resco Products, Inc. v. Bosai Minerals Grp. Co.</u>, No. Civ. A. 06-235, 2010 WL 2331069, at *4 (W.D. Pa. June 4, 2010) (quoting <u>Bechtel Corp.</u>

v. Local 215, Laborers' Int'l Union, 544 F.2d 1207, 1215 (3d Cir. 1976)).  Although

federal courts are vested with such authority under Landis, a stay is an extraordinary

measure that is only justified in "exceptional circumstances."  Colorado River Water

Conservation Dist. v. United States, 424 U.S. 800, 813 (1976).  See also United States

v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994).

        In determining whether to stay proceedings, courts are to balance the

competing interests at stake.  Landis, 299 U.S. at 254-55; Texaco, Inc. v. Borda, 383

F.2d 607, 608 (3d Cir. 1967).  In doing so, courts consider four factors, including (1)

the length of the requested stay; (2) the hardship that the moving party would face if

the stay were not granted; (3) the injury that a stay would cause to the non-movant;

and (4) whether granting a stay would streamline the proceedings by simplifying

issues and promoting judicial economy.  See Vasvari v. Rite Aid Corp., No. 09-CV-

2069, 2010 WL 3328210, at *2 (M.D. Pa. Aug. 23, 2010) (citing Landis, 299 U.S. at

254).  In considering these factors, we find that they weigh heavily in favor of

granting a stay.

        In this case, we agree fully with the Northern District of California's

conclusion staying the proceedings in Ramirez v. Trans Union, LLC, No. 12-632

(JSC) (Doc. 115-1), and find that the factors justifying a stay of this litigation pending

the Supreme Court's decision in Spokeo are manifest and several.  First, we find that

the parties, and particularly Trans Union, face potential hardship if the stay were denied and the defendant were required to expend time and resources engaging in fact and expert discovery over the course of the next year while <u>Spokeo</u> remains pending, since a decision in that case will likely have an impact on a decision about whether to certify a class in this action.  <u>See</u> <u>Pennsylvania State Troopers Ass'n v. Pawlowski</u>, No. 1:09-CV-1748, 2011 9114, at *1 (M.D. Pa. Jan. 3, 2011) ("[I]t is of no benefit to either party to incur substantial costs litigating an issue that the Supreme Court may well determine is not actionable in the course of these proceedings."); <u>Alvarez v. T-Mobile USA, Inc.</u>, No. Civ. 2:10-2373 WBS, 2010 WL 5092971, at *2 (E.D. Cal. Dec. 7, 2010) (observing that if the motion to stay were denied pending a decision by the Supreme Court, "[d]efendant will incur significant costs relating to fact and expert discovery, motion practice, and trial preparation to defend this action."); <u>Vasvari</u>, 2010 WL 3328210, at *2 (finding stay warranted where the movant would have had to engage "in discovery with a putative, statewide class action [which] will require expenditure of a great amount of resources that may indeed be futile depending upon the guidance provided by the Third Circuit.")

Second, and relatedly, a stay is likely to promote a more orderly course of justice, and judicial economy, by allowing the court and the parties to await the Supreme Court's guidance before proceeding further, as other courts have found in

4

similar circumstances.  See Pennsylvania State Troopers Ass'n, 2011 WL 9114 at *1 ("[A] brief delay will provide this litigation with welcome certainty on a difficult question"); Vasvari, 2010 WL 3328210, at *3 ("[W]e find that a temporary stay of proceedings will streamline the proceedings in this Court").

Third, a stay pending resolution of Spokeo is by definition not indefinite, since briefing in that case concludes this summer and a decision is expected by the end of June 2016, in accordance with the Supreme Court's customary practice.  Finally, we do not find that the plaintiff will suffer any real harm here, and any harm that the plaintiff may arguably face is substantially outweighed by the importance that a decision in Spokeo likely will have on this litigation, and the benefits to be realized by placing the litigation on hold while that case is decided.

Finally, we note that, unlike a decision dismissing a petition as unexhausted, "motions to stay litigation ..., are non-dispositive motions under Rule 72(a).  See, e.g., Gonzalez v. GE Group Adm'rs, Inc., 321 F.Supp.2d 165, 166 (D.Mass.2004); Torrance v. Aames Funding Corp., 242 F.Supp.2d 862, 865 (D.Or.2002); All Saint's Brands, Inc. v. Brewery Group Den., A/S, 57 F.Supp.2d 825, 833 (D.Minn.1999); Herko v. Metro. Life Ins. Co., 978 F.Supp. 141, 142 n. 1 (W.D.N.Y.1997)." PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir.2010).  Therefore, the decision to grant, deny or lift a stay rests within the jurisdiction and sound discretion

of a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(A), subject to appeal to the district court for an abuse of that discretion.  Touton, S.A. v. M.V. Rizcun Trader, 30 F.Supp.2d 508, 510 (E.D.Pa.1998) ("[T]he Court finds that neither the grant of the stay of proceedings ..., nor the lift of said stay, constituted 'injunctive relief' in excess of the Magistrate Judge's authority under § 636(b)(1)(A).").

## III.   ORDER

Accordingly, upon consideration of the Motion of  Defendant Trans Union, LLC to Stay the Action Pending a Decision by the U.S. Supreme Court in Spokeo, Inc. v. Robins, No. 13-1339, and for the reasons set forth above, IT IS HEREBY ORDERED THAT the motion is GRANTED and the action is hereby STAYED pending a decision in Spokeo.

So Ordered this 3d day of August 2015

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

6